THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>and<br><br>THE STATE OF OHIO,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>THE CITY OF ELYRIA, OHIO,<br><br>    *Defendant*. | Civil Action No. 1:22-cv-02026-DCN<br><br>Hon. Donald C. Nugent<br><br>Hon. Thomas M. Parker |

## MEMORANDUM IN SUPPORT OF UNITED STATES' UNOPPOSED MOTION TO ENTER CONSENT DECREE

The United States asks this Court to approve the proposed Consent Decree resolving the United States' and the State of Ohio's claims against the City of Elyria, Ohio ("Elyria"). On November 9, 2022, Plaintiffs filed a complaint (ECF No. 1) under Section 309 of the Clean Water Act, 33 U.S.C. § 1319, and Ohio Rev. Code Ann. §§ 6111.07 and 6111.09 relating to Elyria's sewer system, and concurrently lodged with the Court the proposed Decree resolving their claims (ECF No. 2). The United States also provided the public at large with an opportunity to comment on the proposed settlement but received no comments. *See* 87 Fed. Reg. 68727 (November 16, 2022). Elyria has consented to entry of the proposed Consent Decree. *See* ECF No. 2 at Para. 96.

As described below, the Consent Decree is fair, reasonable, in the public interest, and consistent with the goals of the Clean Water Act. Defendant must complete a comprehensive set

1

of construction projects and improvements to its sewer system that are intended to bring it into compliance with the Clean Water Act. *See* ECF No. 2 at Section VI, ECF No. 2-3. In addition, Elyria will pay a civil penalty of $100,000 to the United States and will pay $100,000 into Ohio's Surface Water Improvement Fund. *Id.* at Paras. 35 and 37. The proposed Consent Decree will also terminate the prior Consent Judgment between the parties. *Id.* at Para. 72.

## Background

### A. 1986 Consent Judgment

In 1986, the Parties entered into a Consent Judgment to resolve Elyria's violations of the Clean Water Act based on discharges from its sewer system and its wastewater treatment plant. *See United States v. City of Elyria and State of Ohio*, Civil Action No. 84-3729 (N.D. Ohio, May 19, 1986) (attached to the Complaint in this matter as ECF No. 1-1). The Consent Judgment required Elyria to make improvements at its wastewater treatment plant and to eliminate sewer overflows and bypasses around the plant. While Elyria made the required improvements at its wastewater treatment plant, it did not eliminate sewer overflows or bypasses. The Consent Judgement remains in place pending entry of the proposed Consent Decree.

### B. Violations Alleged in the Complaint

The Complaint alleges numerous violations of Elyria's National Pollutant Discharge Elimination System permit over more than ten years, including sanitary sewer overflows, combined sewer overflows that violate Elyria's permit requirements, discharges in violation of the permit's effluent limit, sewage backups into homes, and prohibited bypasses. ECF No. 1 at Paras. 51-85. The Complaint also alleges that Elyria violated Section 301 of the Clean Water Act, 33 U.S.C. § 1311, and the 1986 Consent Judgment. *Id.* at Paras. 86-103.

### C. Consent Decree Terms

The Consent Decree requires improvements at Elyria's wastewater treatment plant to increase storage and maximum treatment capacity to prevent bypasses around the treatment plant, installation of a high-rate disinfection system that will partially treat any bypasses that do occur, and construction of the East Side Relief Sewer – a major expansion of wastewater capacity flowing to the wastewater treatment plant. *See* Doc. 2, Control Measures 1, 4, and 5. Other projects include installing additional wastewater pipes to expand capacity where needed throughout the sewer system and removing numerous sources of inflow and infiltration of stormwater into the sewer system. *See* ECF No. 2-3.

Together, the injunctive relief projects in the proposed Consent Decree are intended to eliminate sanitary sewer overflows (containing sewage) and greatly reduce combined sewer overflows (containing a mix of sewage and stormwater) by both expanding capacity and reducing the flow of stormwater into the system. Elyria must also conduct monitoring and report to EPA and Ohio EPA. ECF No. 2. at Paras. 14, 27-29. In addition, Elyria will pay a civil penalty of $100,000 to the United States and pay $100,000 into Ohio's Surface Water Improvement Fund. *Id.* at Paras. 35, 37.

### D. Correction to Consent Decree

The version of the proposed Consent Decree that the parties ask the Court to enter corrects an error in the version of the proposed Consent Decree lodged with the Court on November 9, 2022. The November 9 version erroneously listed December 31, 2023 as the deadline for Control Measure 3, "Overflow N6 RDI/I Control, Construction of a New Lift Station, and Sewer System Improvements and Improvements." *See* Doc No. 2-3 at 3 (Consent Decree, Appendix C, Control Measure 3). The version filed with this motion corrects the date,

which should have been listed as December 31, 2024. It also corrects the error in the control measure name to eliminate the repetition of "and Improvements."

## ARGUMENT

### I. Standard for Judicial Review and Approval of Consent Decrees

Approval of a consent decree is within the informed discretion of the Court. *See United States v. Akzo Coatings of Am., Inc.*, 949 F.2d 1409, 1435 (6th Cir. 1991). That discretion generally should be exercised in favor of settlement, as "[p]ublic policy strongly favors settlement of disputes without litigation." *Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1372 (6th Cir. 1976); *see Donovan v. Robbins*, 752 F.2d 1170, 1177 (7th Cir. 1984).

The "presumption in favor of voluntary settlement . . . is particularly strong where a consent decree has been negotiated by the Department of Justice on behalf of a federal administrative agency like EPA which enjoys substantial expertise in the environmental field." *Akzo Coatings*, 949 F.2d at 1436; *see also United States v. Cannons Eng'g Corp.*, 899 F.2d 79, 84 (1st Cir. 1990) (favoritism towards these types of settlements "has particular force where, as here, a government actor committed to the protection of the public interest has pulled the laboring oar in constructing the proposed settlement").

In reviewing a proposed consent decree, the district court is to satisfy itself that the settlement is fair, adequate, and reasonable, as well as consistent with the public interest. *See United States v. Lexington-Fayette Urban Cnty. Gov't*, 591 F.3d 484, 489 (6th Cir. 2010). A court may only accept or reject the settlement agreed upon by the Parties and may not modify a consent decree before entry. *See Akzo Coatings*, 949 F.2d at 1435; *United States v. Jones & Laughlin Steel Corp.*, 804 F.2d 348, 351–52 (6th Cir. 1986); *United States v. Wis. Elec. Power Co.*, 522 F. Supp. 2d at 1107, 1112 (E.D. Wis. 2007).

## II. The Consent Decree Is Fair, Adequate, Reasonable, and Consistent with the Public Interest and the Goals of the Clean Water Act

### A. The Consent Decree Is Fair

In determining whether a settlement is fair, courts consider factors such as the strength of the plaintiff's case, the complexity and length of the litigation, the amount of opposition to the settlement, the good-faith efforts of the negotiators, the opinions of counsel, and the possible risks involved in the litigation. *See Akzo Coatings*, 949 F.2d at 1435; *EEOC v. Hiram Walker & Sons, Inc.*, 768 F.2d 884, 889 (7th Cir. 1985).

A consent decree must be both procedurally and substantively fair. *See Wis. Elec. Power Co.*, 522 F. Supp. 2d at 1112 (citing *Cannons*, 899 F.2d at 86); *United States v. Davis*, 261 F.3d 1, 20 (1st Cir. 2001). A court's review for procedural fairness will consider the negotiation process and whether it was open and at arm's length. *See Wis. Elec. Power Co.*, 522 F. Supp. 2d at 1112 (citing *Cannons*, 899 F.2d at 86). A court's review for substantive fairness will consider concepts of corrective justice and accountability. *See id*. (citing *Cannons*, 899 F.2d at 87). Because these concepts do not lend themselves to "verifiable precision[,] [i]n environmental cases, EPA's expertise must be given 'the benefit of the doubt when weighing substantive fairness.'" *United States v. Comunidades Unidas Contra La Contaminacion*, 204 F.3d 275, 281 (1st Cir 2000) (quoting *Cannons*, 899 F.2d at 88).

The proposed Consent Decree here is procedurally fair. The settlement is the product of arm's-length negotiations between the United States, Ohio, and Elyria over several years. Each of the Parties were represented by counsel and had technical assistance. Finally, the United States also provided the public at large with an opportunity to comment on the proposed settlement but received no comments. *See* 87 Fed. Reg. 68,727.

The Consent Decree is also substantively fair. The Complaint alleges numerous violations of Elyria' permit, along with violations of the Clean Water Act, Ohio law, and the 1986 Consent Judgment. Elyria will be required to make major improvements, which are needed to bring it into compliance with the Clean Water Act. The relief in the Consent Decree reflects the Parties' careful and informed assessment of the claims, while considering the costs and risks associated with litigation.

In short, the Consent Decree is procedurally and substantively fair given the risks and expense of litigation, the arm's-length negotiations that led to the settlement, and the substantial benefit to the public from protecting the Black River from excess contamination from sewage.

### B. The Consent Decree Is Adequate and Reasonable

The reasonableness of a consent decree is determined by considering "the nature/extent of hazards; the degree to which the remedy will adequately address the hazards; possible alternatives for remedying hazards; and the extent to which the decree furthers the goals of the statute." *Akzo Coatings*, 949 F.2d at 1436 (citing *Cannons*, 720 F. Supp. at 1038); *Wis. Elec. Power Co.*, 522 F. Supp. 2d at 1118. In environmental cases, one of the more important factors "when evaluating whether a proposed consent decree is reasonable is 'the decree's likely effectiveness as a vehicle for cleansing' the environment." *Lexington-Fayette Urban Cnty. Gov't*, 591 F.3d at 489 (quoting *Akzo Coatings*, 949 F.2d at 1437).

The proposed Consent Decree here is adequate and reasonable because it addresses the harm to the environment from the alleged violations. The injunctive relief required by the Consent Decree will greatly reduce harm to the Black River from sewer overflows. The projects required by the Consent Decree are aimed at preventing sewer overflows, minimizing bypasses around the wastewater treatment plant, and mitigating the harm from any bypasses that do occur.

While the amount of work is significant, it is necessary to prevent future violations and environmental harm.

Because the proposed Consent Decree contains a comprehensive set of projects, there is no longer a need for the 1986 Consent Judgment. The outfalls that Elyria did not eliminate under the 1986 Consent Judgment were considered in the development and negotiation of the injunctive relief in the proposed Consent Decree, with the benefit of additional information gathered and analyzed more recently. Termination of the 1986 Consent Judgment is therefore appropriate.

      **C.    The Consent Decree Is Consistent with Applicable Law and in the Public Interest**

To evaluate the public interest, "the district court must consider whether the decree is 'consistent with the public objectives sought to be attained by Congress.'" *Lexington-Fayette Urban Cnty. Gov't*, 591 F.3d at 490 (quoting *Williams v. Vukovich*, 720 F.2d 909, 923 (6th Cir. 1983); *see also* 591 F.3d at 489-90 (consistency with the public interest means "consistency with the statute" and "consisten[cy] with the public objectives sought to be attained by Congress").

To achieve its objective "to restore and maintain the chemical, physical and biological integrity of the nation's waters," the Clean Water Act, among other things, makes it unlawful for any person to discharge any pollutant from a point source into waters of the United States except in compliance with an NPDES permit issued by EPA or an authorized State. 33 U.S.C. §§ 1311(a), 1342, 1362. The Consent Decree is designed to bring Elyria into compliance and ensure that it does not discharge excess pollution. Litigation would drain the time and resources of all Parties and further delay compliance. *See Akzo Coatings*, 949 F.2d at 1436 n.25. Voluntary settlement conserves the time and resources of the Parties and the courts and furthers the public

interest by achieving a cleaner and healthier environment without the burdens and uncertainties of trial.

## CONCLUSION

The proposed Consent Decree will reduce water pollution, require payment of a civil penalty, and resolve a complex matter in this Court without further litigation and delay. The Consent Decree is fair, reasonable, and consistent with applicable law and the public interest. The Decree has been agreed to by the United States, the State of Ohio, and the City of Elyria. The United States, therefore, respectfully requests that this Court approve and enter the proposed Consent Decree as a final judgment.

Respectfully submitted,

SUSAN M. AKERS
Deputy Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division

*/s/ Lauren D. Grady*
LAUREN D. GRADY
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 514-2794
Facsimile: (202) 616-6584
Email: lauren.grady@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that the Memorandum in Support of United States' Unopposed Motion to Enter Consent Decree was served on counsel of record via ECF and on remaining counsel via electronic mail.

Respectfully submitted,

*/s/ Lauren D. Grady*
LAUREN D. GRADY
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 514-2794
Facsimile: (202) 616-6584
Email: lauren.grady@usdoj.gov